Tucker, Richard T., J.
This is a legal malpractice action arising out of the sale of an automobile dealership and the land on which it was situated. The factual background of this case is both convoluted and voluminous, but fortunately well-known to the parties, and therefore the court may dispense with its retelling for the purposes of ruling on the instant motion.
The defendant, Douglas Resnick (Resnick), argues that his former client, the plaintiff James Peltekis (Peltekis), is barred from bringing a claim for legal malpractice now because (1) it was a compulsory counterclaim to a lawsuit Resnick filed against Peltekis in 1997 for nonpayment of Resnick’s attorneys fees, (2) the matter is res judicata because Resnick prevailed on the attorneys fees suit, and (3) the statute of limitations has run.
However, the claim Peltekis now asserts is based on losses that began in 2002. As such, it did not exist as a claim in 1997 and could not have been a compulsory counterclaim at that time. Consequently, Resnick’s victory in the 1997 fee dispute does not render the present dispute res judicata. Furthermore, the statute of limitations for Peltekis’ malpractice claim, to the extent it seeks recovery of monies lost from 2002 onward, is not barred by the applicable statute of limitations, since it was only in 2002 that Peltekis was actually harmed by the provision at issue.[1]

ORDER

For the foregoing reasons, Resnick’s Motion for Summary Judgment is DENIED.

Resnick’s reliance on Olsen v. Bell Tel Labs., Inc., 388 Mass. 171 (1983), is misplaced. The Court in Oisennoted that “(i]f knowledge of the extent of injury were to control the accrual of a cause of action, the fixed time period of statutes of limitations effectively would be destroyed. The full extent of an injury often is not discoverable for many years after it has been incurred.” However, exposing a plaintiff to harmful chemicals, as was the case in Olsen, is not the same as negligently drafting a legal document. A legal document, such as the Agreement in this case, often has many independent provisions, any one of which may be drafted more or loss competently. The fact that Peltekis may have become aware of problems with some provisions in 1995 does not mle out the possibility that defects in other provisions might have remained latent for some years thereafter, and would produce new and independent harms, as opposed to simply exacerbating old ones.